**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| NCS MULTISTAGE INC., | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. **6:20-cv-701** |
| | § | |
| vs. | § | |
| | § | |
| PERMIAN PETROLINK, LLC., | § | |
| | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff NCS Multistage Inc. ("NCS" or "Plaintiff"), by and through the undersigned counsel, hereby brings its Complaint for Patent Infringement against Defendant Permian Petrolink LLC ("Permian Petrolink" or "Defendant").

## NATURE OF THE ACTION

1.      This is an action for patent infringement.  NCS alleges that Permian Petrolink infringes the following NCS Patent, which is attached hereto as **Exhibit A**:

- U.S. Patent No. 10,465,445 ("the '445 Patent")

2.      NCS alleges that Permian Petrolink infringes the '445 Patent by making, using, offering for sale, selling, and/or importing the Glass Floatation Collar and Glass Floatation Collar - Slimline (hereafter collectively "Glass Floatation Collars").  NCS seeks damages, injunctive, and other relief for infringement of the '445 Patent.

## THE PARTIES

3.      Plaintiff NCS is a Canadian corporation with a place of business at 700, 333-7th Ave SW Calgary, AB T2P 2Z1, and with worldwide headquarters at 19350 State Highway 249, Suite 600, Houston, TX 77070.

4.     Upon information and belief, Defendant Permian Petrolink is a Texas limited liability company with a principal place of business at 3217 Commercial Drive, Midland, TX 79701.  Permian Petrolink's registered agent for service of process is Reece A. Roberts, at 2012 Country Club Drive, Midland, TX 79701.

## JURISDICTION AND VENUE

5.     This action for patent infringement arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq.*  This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1338.

6.     This Court has general personal jurisdiction over Permian Petrolink because it is a resident of Texas and has a principal place of business in Texas.

7.     Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b) because, upon information and belief, Permian Petrolink is a resident of Texas, has a principal place of business in Midland, TX (which is within the jurisdiction of the Western District of Texas) and has committed acts of infringement in the Western District of Texas by selling infringing Glass Floatation Collars in the Western District of Texas.  Permian Petrolink's website states that it is focused on having a sales presence in the Permian Region, which is in the Western District of Texas.  *See* https://permianpetrolink.com/.

## BACKGROUND

### A.  *NCS*

8.     NCS is a leading technology and service company that specializes in multistage well completions.  NCS initially formed in Canada in 2006 as NCS Oilfield Services and began developing downhole completion tools for conventional and unconventional completions.   In 2008, NCS incorporated in the United States and established its world headquarters in Houston,

TX.  Today, NCS has 20 offices in the U.S. and Canada, and operates in Argentina, China, Russia, the Middle East and the North Sea, with a record of over 10,000 field successes.

9.     NCS is an expert in developing downhole tools like its AirLock® buoyancy system, a "casing float tool" covered by the '445 Patent.  NCS marks its AirLock® system with the web address of its patent notice which contains the '445 Patent number.  As a casing string is run into the horizontal portion of a wellbore the casing string can drag on the bottom of the wellbore due to its weight and gravity.  This makes it challenging to run the casing to the target zone.  The AirLock® system is designed to create buoyancy in the casing string, so that the string is lighter and it is easier to run the casing into the wellbore.  This is called "floating the casing" into the wellbore.  Below is a picture of the patented Airlock® system.



10.     The AirLock® system (above in green) is a tubular body attached to the casing string (above in grey).  Within the tubular is a rupture disc (above in white).  In use, the portion of the casing string above the rupture disc is filled with fluid.  The portion of the casing string

below the rupture disc is filled with air, which creates buoyancy in the lower portion of the string.  This enhanced buoyancy reduces sliding friction up to 50% while the enhanced weight of the vertical section provides the force needed to push the string all the way to the toe of the well. After the casing string is run to the target zone, hydraulic pressure is applied from the surface, which causes the rupture disc to disengage from the tubular walls and shatter.  This process restores the internal diameter of the casing string so that fluid can freely flow through the casing string.   More than 9,000 AirLock systems have been installed, and casing has landed on more than 99.9% of first attempts.

11.     NCS invests substantial resources in innovation and the protection of its valuable intellectual property.  To date, NCS has worldwide approximately 51 issued patents, including the '445 Patent that covers its AirLock® System, and 98 pending patent applications.

### B. PERMIAN PETROLINK

12.     According to its website, Permian Petrolink is an oil and gas company based in Midland, TX that sells drilling and completions tools, including its Glass Floatation Collars.  *See* https://permianpetrolink.com/.  Below is an image of the Glass Floatation Collar from Permian Petrolink's marketing materials:



13.     According to Permian Petrolink's marketing materials (*see* **Exhibit B**), the Glass Floatation Collars are casing floatation devices that create buoyancy in the casing string that makes it easier to run casing through the horizontal portion of a wellbore.  The Glass Floatation

Collars are tubulars with glass barriers.  Once the casing lands in the target zone, the glass barrier is ruptured by applying hydraulic pressure from the surface, which restores the internal diameter of the casing string.

### C.  NCS NOTIFIES PERMIAN PETROLINK OF INFRINGEMENT CONCERNS IN JULY 2020

14.     On July 10, 2020, NCS's Vice President of US Sales contacted Permian Petrolink's owner to notify Permian Petrolink of the '445 Patent and NCS's concern that Permian Petrolink's Glass Floatation Collars infringe the '445 Patent.

### COUNT 1: INFRINGEMENT OF THE '445 PATENT

15.     The allegations of paragraphs 1-14 of this Complaint are incorporated by reference as though fully set forth herein.

16.     NCS owns by assignment the entire right, title, and interest in the '445 Patent.

17.     The '445 Patent was duly and legally issued by the United States Patent and Trademark Office on November 5, 2019 and is entitled "Casing Float Tool."  A true and correct copy of the '445 Patent is attached hereto as **Exhibit A**.

18.     The '445 Patent is valid and enforceable under the laws of the United States.

19.     Permian Petrolink has directly infringed and is directly infringing at least claims 14-15, 22-25, and 27 of the '445 Patent in violation of 35 U.S.C. § 271 *et seq.*, by making, using, offering for sale, selling, and/or importing in the United States without authority the accused Glass Floatation Collars.  For example, as shown in the claim chart attached hereto as **Exhibit C**, the Glass Floatation Collar meets every element of claim 14 either literally or under the doctrine of equivalents.  Upon information and belief, the Glass Floatation Collar – Slimline only differs from the Glass Floatation Collar in size, is functionally identical to the Glass Floatation Collar,

and thus equally meets every element of claim 14 either literally or under the doctrine of equivalents.

20.     Permian Petrolink has indirectly infringed and/or is indirectly infringing at least claims 22-25 and 27 of the '445 Patent in violation of 35 U.S.C. § 271 *et seq.* With knowledge of the '445 Patent, Permian Petrolink has induced and/or is inducing customers to directly infringe the '445 Patent by directing, causing, instructing and/or encouraging its customers to use the Glass Floatation Collars to perform the methods of claims 22-25 and 27 of the '445 Patent.  For example, Permian Petrolink advertises to customers in its marketing materials (attached as **Exhibit B**) that its Glass Floatation Collars can be installed on casing and run into a well with the casing.  A rupture disc in the device creates buoyancy so that the casing can be floated to the target zone.  Permian Petrolink advertises that once its customers run the casing to the target zone, they can apply pressure to rupture the rupture disc in the Glass Floatation Collars, which restores the casing diameter.

21.     Permian Petrolink's infringement of the '445 Patent has been and continues to be willful and deliberate.  Upon information and belief, Permian Petrolink has been on notice of its infringement of the '445 Patent since at least July 10, 2020, when NCS's Vice President of US Sales notified Permian Petrolink's owner about the infringement.  However, upon information and belief, Permian Petrolink continues to use, sell, offer to sell, and import the accused Glass Floatation Collars, despite a known or obvious risk of infringement of the '445 Patent.

22.     As a result of Permian Petrolink's acts of infringement, NCS has suffered and will continue to suffer damages in an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, NCS prays for the following relief:

A.     A judgment that Permian Petrolink has infringed the '445 Patent;

B.     An order enjoining Permian Petrolink, its officers, agents, employees, and those persons in active concert or participation with any of them, and Permian Petrolink's successors and assigns, from continuing to infringe the '445 Patent;

C.     An order awarding Permian Petrolink its damages pursuant to 35 U.S.C. § 284;

D.     An order finding that Permian Petrolink's infringement has been willful and increasing the damages awarded to NCS to three times the amount assessed pursuant to 35 U.S.C. § 284;

E.     An order finding that this case is exceptional within the meaning of 35 U.S.C. § 285 and awarding NCS its attorneys' fees;

F.     An order awarding NCS prejudgment and post-judgment interest on its damages;

G.     An order awarding NCS its costs;

H.     An order awarding NCS any other and further relief as the Court deems proper.

Dated:  July 30, 2020                            Respectfully submitted,

                                                 */s/ Domingo M. LLagostera*
                                                 Domingo M. LLagostera
                                                 (*Attorney-in-charge*)
                                                 State Bar No. 24070157
                                                 Russell T. Wong
                                                 State Bar No. 21884235
                                                 **Blank Rome LLP**
                                                 717 Texas Avenue, Suite 1400
                                                 Houston, TX 77002
                                                 Tel.: (713) 228-6601
                                                 Fax: (713) 228-6605
                                                 DLLagostera@BlankRome.com
                                                 rwong@blankrome.com

**Attorneys for Plaintiff NCS Multistage, Inc.**